UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASYNDETON SA,<br><br>      Plaintiff,<br><br>v.<br><br>ONSET CAPITAL PARTNERS, WENDELL MCCAIN, and JOSEPH C. KANE, JR.,<br><br>      Defendants. | Civil Action No. 1:23-CV-01536 (JPO)<br><br>**<u>FINAL JUDGMENT</u>** |

    This action having been commenced on December 8, 2022 by the filing of Plaintiff's Complaint in New York State Supreme Court (Dkt. No. 1, Exhibit 6, the "<u>Complaint</u>"), and a copy of the summonses and Complaint having been served on Defendant Joseph C. Kane, Jr., ("<u>Kane</u>") on January 10, 2023 and proof of such service having been filed with this Court on February 23, 2023 (Dkt. No. 1, Exhibit 3, "<u>Kane Proof of Service</u>"); and this action have been removed from New York State Court to the United States District Court, Southern District of New York, on February 23, 2023 (Dkt. No. 1, "<u>Notice of Removal</u>"); and Plaintiff having filed an Amended Complaint on March 23, 2023 (Dkt. No. 12, "<u>Amended Complaint</u>"); and Kane having been served with the Amended Complaint on March 23, 2023 (Dkt. No. 35, "<u>Certificate of Service</u>"); and Kane having failed to answer or otherwise respond to the Amended Complaint; the time for answering or responding to the Amended Complaint having expired; due deliberation having been had hereon; and good and sufficient cause having been shown for Plaintiff's entitlement to the relief sought in the Amended Complaint, including the amount of damages suffered by Plaintiff as a result of the actions of Kane as alleged thereunder and Plaintiff's entitlement to recovery thereof; the Court hereby makes the following findings of fact:

1. These findings of fact are based on the factual allegations contained in the Amended Complaint and the documentation submitted in support thereof (Dkt. No. 12), and the Declaration of Peter Guirguis (Dkt. No. 55) submitted in support of;

2. Kane did fraudulently induce Plaintiff to enter the Agreement;

3. Kane did commit fraud by continuing to deceive Plaintiff that the sale of the Masks was imminent;

4. Kane did owe Plaintiff a fiduciary duty based on purported expertise in the sale of Masks, and that Kane did breach that duty;

5. Kane is in breach of his obligations under the Agreement;

6. Kane is in possession of the Masks that Plaintiff has the possessory interest in, and the sole ownership of;

7. Kane misrepresentations to Plaintiff about the ability to sell the Masks was negligent;

8. Kane owed a duty of care to Plaintiff, and negligently represented that Mask pre-sales had occurred prior to the Agreement;

9. Kane has been unjustly enriched as a result of as a result of Kane's actions and current possession of the Masks;

10. Kane is obligated under the terms of the Agreement to pay Plaintiff the principal amount of $2,100,000, plus Default Interest accruing on and after April 19, 2020 in the amount 9% per annum;

11. Kane is wrongfully withholding possession of the Masks and, as a result, have wrongfully converted such Masks under applicable law;

12. As a result of Kane's conversion of the Masks, Plaintiff is entitled to damages resulting therefrom; and

NOW, upon Plaintiff's Motion for Default Judgment, it is therefore ADJUDGED, DECREED, and:

ORDERED, that the relief sought in Plaintiff's Complaint is GRANTED in its entirety; and it is further

ORDERED, that judgment is awarded in favor of Plaintiff and:

(1) against Kane as a result of its breach of the Agreement in the principal amount of $2,100,000, with prejudgment interest at 9% per annum from April 19, 2020 through the date of judgment; and it is further

ORDERED, that a certified copy of this Judgment may be registered in other jurisdictions pursuant to 28 U.S.C. 1963 and that, upon such registration, shall be given the effect provided by such statute; and it is further

ORDERED, that for good cause shown, the thirty-day appellate period of Fed. R. App. 4 is waived with respect to this Judgment and the Clerk of Courts of the United States District Court for the Southern District of New York shall immediately, upon any request by Plaintiff, certify this Judgment; and it is further

ORDERED, that as a result of his default, Kane is not entitled to service of any further papers that are to be served in accordance with Rule 5 of the Federal Rules of Civil Procedure in the above-captioned matter; and it is further

ORDERED, that Plaintiff shall mail a copy of this Judgment to Kane, via first class U.S. Mail, postage prepaid, at each of the following addresses, which, to the extent that Kane is entitled

to service of this Judgment, shall be deemed good, sufficient, proper and just service under the circumstances present herein:

Joseph C. Kane, Jr.  
42 Sturbridge Rd  
New Canaan, CT 06840

Joseph C. Kane, Jr.  
42 Sturbridge Rd  
New Canaan, CT 06840

and it is further, ORDERED, that the Court shall retain jurisdiction over the above captioned matter and the relief granted pursuant to this Judgment to enforce the terms thereof.

Dated: New York, New York  
December 14, 2023

**The Clerk is directed to mark this case as CLOSED.**

_____  
J. PAUL OETKEN  
United States District Judge

This document was entered on the docket on 12/14/2023.